The next case on the call of the docket is agenda number six number one two six one six three people the state of Illinois versus Robert J Rogers for the appellant Mr. Millar you may proceed May it please the court opposing counsel. My name is Nick Moeller of the Attorney General's Office on behalf of the people. This case, on its face, appears complex. It involves the connection between the compulsory jointer statute, the speedy trial statute, and an ineffective assistance claim. However, there are two straightforward, simple answers that resolve this case, because courts have resolved these issues before. The first, and perhaps the simpler of those methods, is that under the standards of Strickland, when reviewing counsel's actions, courts do not look to things through hindsight. They approach the law and facts as they existed at the time of counsel's decision. And in this case, when counsel determined whether or not to file a motion to dismiss based on speedy trial rights and compulsory jointer, there existed a case in the Third District that was directly on point, that was indistinguishable on its facts. This case is Kazenko, and it said compulsory jointer does not apply to cases where the initial charge is brought by a ticket and the second charge is brought by the State's attorney. Now, Kazenko said, without any ambiguity, and implying this Court's decision in Jackson, that the answer is there is no compulsory jointer, and therefore, the speedy trial statute is not violated in a case by the subsequent charge. There is no question that that was the rule in the Third District and that that rule was binding when counsel in this case made the decision not to file a motion to dismiss. Therefore, his performance cannot be deficient. Counsel under Strickland and its progeny is not required to foresee changes in the law and is allowed to rely on the precedent that exists. And for that reason alone, because either prong of Strickland is dispositive if it's failed, if defendant cannot establish it, for that cause alone, counsel is not ineffective and the appellate court should be reversed. The second straightforward method by which this case can be resolved relies on this Court's ruling in Jackson. In Jackson, this Court made a straightforward categorical bright-line rule that said compulsory jointer does not apply to charges brought by uniform complaint and citation. That bright-line rule is important because it doesn't rely just upon the effects of any one given case. It relies upon the question of constitutional nature, and that is, who has the authority to prosecute crimes in the State of Illinois? And that's because the compulsory jointer statute applies to the proper prosecuting officer. In Jackson, the Court thought the answer to that was simple. It's the State's attorney. Under the Constitution, the State's attorney has charge over all criminal jurisdictions in its jurisdiction. Because of that, the – when the legislature sought to place a bar or a check on the discretion of the prosecuting figure, it's clear the State's attorney is who the legislature was contemplating, both because of that, the nature of the role, and the State's attorney's position as constitutional officer, but on a much simpler route, too, just that the police officers didn't have the power at that time. So the legislature would have been unable to be thinking of the police officers in this role at that time, merely because it predated the establishment of the Vehicle Code and this framework of addressing more minor infractions through the ticketing system. Counsel, how do you respond to the statement in Thomas that a mechanical application of Jackson results in compulsory jointer really never applying in misdemeanor circumstances? On the first hand, that appears to be based – there's no factual evidence to show that this would take almost all misdemeanors out. It would, of course, take the ticketed misdemeanors out, but there are certainly many misdemeanors that come in through different means. So on that aspect, I think there just isn't a record to support that court or the court below's finding as to that. But on a more direct track, I don't think that it particularly is relevant to the decision, because the reason most of these cases won't be facing compulsory jointer is not just because of the Jackson rule, but because the type of cases we're talking about are less serious offenses. The ticketing structure is meant for situations like a speeding ticket, where an officer will cite the ticket, and now defendants even have the option of not going to court to resolve these minor – these minor cases that don't require the same investment of time and resources of either party in resolving it. So the reason many of these won't be subject to compulsory jointer is because there's not a particular reason they should be. And these tickets, in most instances, you're not going to rise to the level of the harm that was viewed in – that was discussed in Jackson about whether or not a defendant can escape a more serious crime brought by the State's attorney by pleading quickly. However, that's not the only thing Jackson was concerned with, and also can apply in misdemeanor cases, because misdemeanors are not one single type of offense. Like felonies, they have their own levels and grades of seriousness. And so the same type of harm specifically called out in Jackson could apply if compulsory jointer were to apply between a ticketed offense and a misdemeanor. And that goes back to part of what makes the proper prosecuting officer. Beyond the constitutional level, if you look at the actual roles played by different figures, the State's attorney, barring conflict where a different counsel is brought in, is the only individual who actually does the actions of prosecuting the defendant. The State does not – does not contest that police officers in some instances commence prosecution. But commencing a prosecution and prosecuting it are not the same thing. It's not just a matter of is the State's attorney going to bring more serious charges. The State's attorney in its discretion can also lessen charges. The State's attorney can dismiss charges – excuse me. The State's attorney can dismiss charges altogether. And so it's not just a matter of this is harming defendants, but it is also if the officer is seen to be the sole prosecuting figure contemplated by the statute in ticketed cases. It's also removing an avenue by which defendant can see merciful or perhaps just different judgment of the prosecuting figure. And so for that reason, compulsory jointer under the Brightline Rule of Jackson would not apply. The statutory time period under the speedy trial rights would not be violated because there was only, I believe, less than 80 days that ran between the filing of count – what eventually was called count one and the eventual trial. And therefore, a motion to dismiss would have been meritless under the rules, and therefore, trial counsel cannot have been ineffective for failing to file that motion. And unless there are further questions, I'd reserve my time for rebuttal. Thank you. Thank you, Mr. Lawler. For the athlete, Mr. Sean Michael Connelly. Good morning, Your Honors. May it please the Court, counsel. My name is Sean Connelly. I'm with the Office of the State Appellate Defender. I represent Applee Robert Rogers. We believe the main issue in this appeal is whether a police officer is a proper prosecuting officer under the compulsory jointer statute for the purposes of a misdemeanor charge. And initially, I want to make two points before I get started here. The first is that we're not asking for a windfall for Mr. Rogers. Recall that the Jackson case involved a race to the courthouse that the State did not even know it was engaged in. Whereas here, the State was served with a speedy trial demand, which started the speedy trial clock, which means that the State's attorney's office was involved in this case throughout the entire speedy trial term. The second point I'd like to make is that I understand the appeal of looking at this word prosecuting in the phrase proper prosecuting officer and equating that with a licensed litigator on behalf of the State. But that's not a necessary reading. What we're asking you to do is separate those two terms. The term of art that we believe refers to charging authority and this very specific use of the word prosecutor as a licensed litigator for the State. The reason we believe that is that while the State has made much of the State's attorney's office as a constitutional office, prosecutorial discretion in the state of Illinois is not a constitutional concept. It's controlled by a comprehensive statutory scheme that allows police officers to commence prosecutions of misdemeanors and other non-felony cases. In those cases, the police officer is quite literally one of several prosecuting officers. And indeed, because a defendant can plead to a citation, some of these cases can be resolved before the State's attorney has even become involved in the case. But again, that doesn't happen very often in real life. It did not happen in this case. And when it does happen and the subsequent charge is a felony, it would seem to grant a windfall to defendants. And that is the windfall that was foreclosed by the Jackson case. That case rejected a double jeopardy claim based on compulsory joinder when that second offense was a very serious felony. So the issue in this case could be restated as whether that specific rule announced in Jackson applies to all subsequent charges or just felony subsequent charges. Our position is that a fundamental tenet of stare decisis is that we have to look to the reasoning of a case to determine its presidential value. So while Jackson used some absolutist language that the State has interpreted as a bright-line rule, we can't take that language out of context. We have to look at the reasoning behind that language to understand what it means. Now, the reasoning in Jackson was twofold. First, because a misdemeanor can be charged by a police officer, but a felony cannot. A police officer cannot, in any sense of the word, be a proper prosecuting officer of a felony. The Jackson court relied for that point on the Pankey case, which equated the term prosecute with charging authority, and held that because a police officer did not have the authority to prosecute in the sense of commence, which is a valid sense of the word prosecute, a felony charge filed by a police officer did not give the circuit court jurisdiction over the State. Second, Jackson reasoned that the legislature could not have meant to enshrine this potential windfall into the compulsory joinder statute because, as counsel pointed out, the compulsory joinder statute predates all of the innovations that allow police officers to charge cases in the first place. These conditions do not exist in cases in which the subsequently charged offense is also a misdemeanor. With regard to Jackson's first line of reasoning, in those cases there is already an ongoing misdemeanor prosecution commenced by a police officer. That prosecution has brought the State under the circuit court's jurisdiction. At that point, the officer had a statutorily granted prosecutorial discretion to charge what would become the subsequent offense, and that officer chose not to do so. On Jackson's second line of reasoning, the concerns about a windfall, for the defense at least, are less pressing because we're talking about both charges being misdemeanors and because, again, and more importantly, the State has already been brought under the circuit court's jurisdiction. In Jackson's case, there are valid concerns, however, for a windfall for the State. For example, in this case, a significant portion of the delay in the trial was caused by the State choosing to charge a subsequent offense and asking for time to gather that time, that delay was wasted when the State ultimately dropped that charge. These are abuses of prosecutorial discretion that could have been stopped or remedied by the application of compulsory joinder. To put it another way, when a police officer chooses to exercise his or her discretion to initiate a misdemeanor prosecution, the State, assuming the speedy trial statute has otherwise been complied with, is held to that speedy trial term. That makes sense. The legislature has empowered police officers to bind the State to the circuit court's jurisdiction for misdemeanor prosecutions. It also makes sense that if the subsequent charge is a felony, that compulsory joinder would not apply, because, again, police officers do not have the power to bind the State to felony charges. But why should the State be able to? They don't have the power to bind the State to anything in misdemeanor charges either, do they? Well, in the sense that they have initiated that prosecution, they have brought the State under the circuit court's jurisdiction. Now, of course, the State, the actual in-court prosecutor is also a proper prosecuting officer. And that person has the power to overrule the discretion of the police officer. And so, no, perhaps bind is an unfortunate choice of word on my part, but they are empowered, again, to bring the State under the jurisdiction of the circuit court, whereas they are not empowered to do that in a felony case. They can't start a felony case. Only the State's attorney or the State's attorney through the grand jury can do that. But only a State's attorney can prosecute even a traffic case that goes to court, right? Again, and what we're asking what our position If the defendant pleads not guilty to a traffic case, then the State's attorney has to appear. The officer can't prosecute that case. Well, again, our position is that that is a different use of the word prosecution, that the compulsory joinder statute, when it uses the phrase proper prosecuting officer, is not referring to the litigation of the case. And so, yes, I would say that, yes, the only the State's attorney can prosecute in that sense of the word, but that's not the sense of the word that the compulsory joinder statute is using. And there's no definition. Is there in the statute? Not in the statute, but we can look at the overall, the totality of the statutory scheme. We can look at the history of our circuit court system. And our position is that when you look at the overall scheme, which, again, gives police officers the power to commence misdemeanor prosecutions, and you look at the history, which, again, opposing counsel has already brought this up at the time that the statute was enacted, the compulsory joinder statute, police officers didn't have the powers that they do now to commence prosecutions. Our position is essentially that the legislature, through giving police officers that power, have expanded the definition of proper prosecuting authority. And so, again, if we look at it just as a metaphor, the way that definitions are set out in a dictionary, for example, to say that only the State's attorney can prosecute a traffic offense would be to, the analogy would be to prosecute definition one. We're saying that the compulsory joinder statute is prosecute definition two, which includes the concept of commencing an action. The question here is why should the State be allowed to reset the speedy trial clock that it's already being held to by charging misdemeanor, a misdemeanor that one of its agents in his or her own prosecutorial discretion, granted by the State, has chosen not to charge? We do not believe that there is any justification, either in the statute or as a matter of public policy, for allowing that to happen. Now, of course, this is an ineffective assistance claim. This notion that the judge would not have been allowed to grant the motion, I have to point out that no one in the appellate court believed that that was an issue in this case. I believe that speaks to the strength of that particular argument. The reality is it was not settled law in the Third District. At the time of Kazenko, there was a second opinion in Kazenko that recognized that Kazenko was contrary to the holding or at least the reasoning. And again, we equate the reasoning with the holding of Jackson. It's also contrary to the holding of Pankey. And because of that, we believe that there was room for the judge to follow the motion. We believe that the judge would have granted the motion and that consequently counsel had an obligation to file the motion. Counsel, in a unified court system such as ours, without a pronouncement from this court, the trial judge would have to follow Kazenko. How are you arguing that the trial judge would be able to stray from the majority opinion in Kazenko? We believe that Kazenko was not just, at least on this point, is not just wrongly decided. It is manifestly wrong. And that the judge would have had the power to follow Jackson rather than Kazenko. In other words, to put it another way, Your Honor, while it is true that the judge would not have been able to go against a third district case, it cannot overrule a third district case. It also cannot overrule a case from this court. And it would have been obligated to follow this court. And we believe that a necessary implication of Jackson, again, because of the reasoning of Jackson, is that a police officer can be a proper prosecuting officer of a misdemeanor. Ultimately, Rogers was entitled to the shield of a speedy trial, and he attempted to protect that entitlement. The State is taking language out of context from a State that bars defendants from using double jeopardy as a sword to thwart that entitlement. This honorable court should recognize that police officers have the authority to prosecute in the sense of commenced misdemeanor charges in the name of the State of Illinois. It should apply compulsory joinder, find ineffective assistance for failing to follow through on Mr. Rogers' speedy trial efforts, and affirm the appellate court. If there are no other questions, thank you very much. Thank you, Mr. Connelly. Mr. Mueller. Thank you, Your Honor. As I said before, there are two ways to look at this case that resolve it. The first relies more upon the individual facts of this case. And I'd like to clarify that the people's argument that counsel was able to reasonably rely upon precedent that was binding at the time is not just a prejudice argument that the court would have denied the motion. Although that is true, and as Your Honor pointed out, the trial court, whether it thought Kazenko was wrong or not, Kazenko interpreted Jackson in the fashion that every circuit court in the Third District had to follow. So, yes, on a prejudice angle, the trial court was not able to grant the motion defendant is saying should have been brought. But there's also the performance side of that question. If there's no prejudice, why do we even move on? Why isn't it at the end of the discussion? If there's no prejudice. It's dispositive, and it would disclose the case. I think it's important to also note that even if trial counsel, even if the trial court had, whether it had the power to or not, made this decision to grant the motion to dismiss, an ineffective assistance claim still would not have succeeded, because when questioning whether counsel performed reasonably or not, it would be basically the type of hindsight Strickland expressly says courts are not supposed to look into to say, well, yes, counsel had a case that was binding, a case he could rely upon, but we're still going to say counsel was wrong for relying upon that good law. The second part of this case takes a wider view, and that's where we get into the limitation, compulsory joinder does not apply in these instances to uniform citations and complaints. And there's good reason for that. The proper prosecuting officer is not just the individual who starts a prosecution. If that were the case, a grand jury, which can start prosecutions through that process, would also be the grand jury. And there's a sense in the fashion that one thinks of when a statute defines the officer as being a grand jury. Also, the main question will come down to legislative intent. And when the legislature, in enacting compulsory joinder, put in this different, it's separate from double jeopardy, but this different check on the prosecutorial discretion, they did that at the time where the only prosecutorial discretion was in the hands of the State's attorney. They could not have foreseen that discretion then going to police officers, but in a highly limited fashion. And that's an important point to rely upon, because if we say commencing is the same as prosecuting, and police officers commence, so they prosecute for that instant they write the ticket, and then they're done, the question then becomes how is the compulsory joinder statute acting as a check on the police officer's actions? A police officer cannot, once they file that ticket, come back and add new charges to the police officer in that situation. Compulsory joinder does not apply to them. The only person or agent who can be limited from that point on, because it's the only agent who acts from that point on, is the State's attorney. Don't police officers file additional charges at times in DUI cases when they get blood results back and things of that nature? That I don't know. I believe that was the State's attorney. But in that instance, it would still be the actions of the police officer are a commencing part, and who the actual, the limiting falls on in that case still is eventually going to be the prosecution of the State's attorney, cannot proceed in the way perhaps that the State's attorney, the police officer, a non-constitutional actor under the scheme of prosecution, their actions are now limiting the constitutional officer. That is a type of harm, though it's not the same that was expressed directly in Jackson in referring to the rush to the courthouse to avoid the felony charges, is still a harm that the State's attorney has to address. That's why Jackson pointed out not just jurisdiction as an issue, because it also addressed the additional question of double jeopardy, but it also chose to answer the question, who is the proper prosecuting officer? Without limitation, it said the State's attorney. It chose to word its rule without limitation, saying, therefore, compulsory rejoinder does not apply to these uniform citations, because the trafficking, the ticketing scheme as it exists now did not exist when compulsory rejoinder started. It is not the same level of criminal prosecution that exists in cases of felonies and misdemeanors that the legislature was seeing to place this check on the prosecutorial discretion. And it just does not apply. And that's why this Court said clearly it doesn't. There are cases where people receive a traffic ticket from a police officer and they pay it by mail and then the case is over, and the defense argument would be then that, at least as far as double jeopardy goes, the State couldn't bring a new misdemeanor charge. That would be a matter of double jeopardy. And I believe that would be that. That rejoinder. I believe there are two separate things. I think on the first, there's a constitutional nature of double jeopardy, which is separate from this case. I believe what's being referred to as double jeopardy is actually the relitigation bar of Section 3-4, which is slightly different. It's a statutory bar instead of. I don't. The State is arguing that statutory bar would not exist because the compulsory rejoinder does not apply. The State would still be somewhat constrained in its citation, in its prosecution by double jeopardy. But that's a constitutional protection. And so it really does not fall into the discussion of what this statutory protection entails. And so the difference there would be, even if there's a thought that there should be some discretion limited in that situation, that already exists through the constitutional protection against double jeopardy. So unless there are any further questions, the State would ask that this Court reverse the judgment of the appellate court. Thank you. Thank you. Case number 126163, People of the State of Illinois v. Robert J. Rogers, will be taken under advisement as agenda number six.